UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA GOODMAN HAWES and
ST. JOSEPH MERCY ANN ARBOR,

    Movants,

BENJAMIN P. FOREMAN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
JONATHAN HEMINGWAY,
UNKNOWN MEDICAL STAFF,
NP WEAVER, and OFFICER
PATTON,

    Defendants.
_____/

Case No. 2:23-mc-51071
District Judge Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

### ORDER GRANTING NON-PARTIES' MOTION TO QUASH SUBPOENA (ECF No. 1)[1]

I.    Introduction

This is a miscellaneous action initiated by a motion to quash Plaintiff Benjamin P. Foreman's (Foreman) third-party subpoena in an underlying civil rights case (*Foreman v. United States of America, et al*, Case No. 2:22-cv-10401).

---

[1] Upon review of the motion, the undersigned deemed this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

(ECF No. 1). The motion has been referred to the undersigned. (ECF No. 4).

Foreman, proceeding *pro se* in the underlying case, filed a complaint naming the United States of America (the Government), Warden Jonathan Hemingway (Hemingway), NP (Nurse Practitioner) Weaver (Weaver), Officer Patton (Patton), and unknown medical staff as defendants. On May 9, 2023, Foreman issued a subpoena for the production of information and relevant documents to Laura Goodman Hawes (Hawes), who now moves with her employer, St. Joseph Mercy Ann Arbor, to quash that subpoena. (ECF No. 1). Foreman has not responded to the motion and the time for doing so has passed.

For the reasons that follow, the motion to quash Foreman's subpoena will be GRANTED.

## II. Analysis

Under a stipulated order to extend discovery and other dates in the underlying matter, fact discovery was due by May 1, 2023. (Case No. 2:22-cv-10401, ECF No. 37). Despite this, Foreman issued his subpoena eight days after the close of fact discovery, on May 9, 2023. (ECF No. 1). The subpoena states that the information and documents requested must be provided by June 29, 2023.

It is well-established that discovery requests must be made with enough time for responses, which must be made within 30 days of the requests, to be sent before the close of discovery. *See, e.g., Ginett v. Fed. Express Corp.*, 166 F.3d 1213 (6th

Cir. 1998); *Michigan Reg'l Council of Carpenters Emp. Benefits Fund v. Infinity Homescapes, LLC*, No. 17-10816, 2018 WL 2193199, at *2 (E.D. Mich. Apr. 12, 2018); *Drahuse v. Fed. Home Loan Mortg. Corp.*, No. 10-CV-14117, 2011 WL 4088170, at *2 (E.D. Mich. Sept. 14, 2011). *Pro se* litigants are not immune from these requirements. *See Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000); *Mooney v. Cleveland Clinic Found.*, 184 F.R.D. 588, 590 (N.D. Ohio 1999).

As noted in the motion, Federal Rule of Civil Procedure 45 permits a party to serve a subpoena on non-parties. However, in accordance with the case law above, Rule 45(d)(A)(i) requires that the Court quash or modify a subpoena that "fails to allow a reasonable time to comply." Further, Rule 45 does not allow subpoenas to obtain answers to interrogatories, as Foreman has attempted. This is only allowed under Rule 33, which applies to "other parties," not non-parties such as Hawes.

Because Foreman issued the subpoena after the close of fact discovery in the underlying matter, and because the subpoena impermissibly requests answers to interrogatories, movants' motion to quash the subpoena is well-taken.

### III. Conclusion

For the reasons stated above, the motion to quash Foreman's subpoena, (ECF No. 1), is GRANTED.

SO ORDERED.

Dated: August 22, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 22, 2023.

s/Carolyn M. Ciesla  
CAROLYN M. CIESLA  
Case Manager